## DEELEY v. GROSFIELD INV. CO.

Circuit Court of Appeals, Sixth Circuit.
July 6, 1928.

No. 5120.

Receivers ⊂⇒136—Depositor held entitled to withdraw deposit in connection with secured bid for property from equity receiver any time before offer accepted.

Deposit made in connection with an offer to buy property which an equity receiver wished to sell *held* subject to withdrawal by depositor any time before acceptance of offer, where sale was one which could only be made by order of equity court and after notice by publication, and depositor merely signed customary form of offer to buy property and to permit such bid to stand until order of court fixing sale could be made.

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Proceeding between Lester E. Deeley, receiver of the Detroit Range Boiler & Steel Barrell Company, and the Grosfield Investment Company. From an adverse order, former appeals. Affirmed.

Howell S. White, of Detroit, Mich. (William J. Griffin, of Detroit, Mich., on the brief), for appellant.

Harold Goodman, of Detroit, Mich. (Edwin R. Monnig, of Detroit, Mich., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM. This appeal raises the question whether a deposit, made in connection with an offer to buy property which an equity receiver wished to sell, may be by the depositor withdrawn and his offer to buy be canceled, at any time before the offer is accepted. It has reference specifically to a situation where the desired sale can be made only by the order of the equity court and only after notice by publication.

The situation now argued to us by appellant is that the receiver thought best to sell certain real estate; that, on consultation, the court accepted this view and announced that he would authorize the sale if the receiver could get a secured bid for a certain minimum price; that thereupon the receiver procured from the appellee such an offer to bid, accompanied by a deposit of $1,000; that, upon these facts being presented to the court, he directed a sale, and that the statutory notice by advertisement be given; that upon the day of sale the receiver and the appellee, the bidder, agreed to a short postponement; and that, before the adjourned day, the bid-

der formally withdrew his offer, and filed this petition for the return of the money. It is then said that, after the offer was made to the receiver, he made his petition to the court and procured the court to make the order, and the expense of publication was incurred, whereby there was such consideration as converted the offer to buy into a valid contract to bid.

The record does not so present this situation as to require decision. There was not, in form, any offer to bid at a sale, if one should be had, nor any deposit to guarantee a bid. Grosfield merely signed a customary form of offer to buy the property, describing it, and tendering therewith, as a partial payment, the sum of $1,000. There is nothing to connect this offer with any court proceeding, save that it is made to "Deeley, receiver, etc." The appellant's answer to the petition for withdrawal of the fund says only that he procured this bid from appellee after the court had said that a bid would be required before directing the advertising. The answer does not sufficiently indicate that appellee understood that he was making an irrevocable bid, secured by this deposit.[1] The District Judge treated the matter as only the ordinary case of an unaccepted offer. Viewed in that aspect, the depositor was entitled to get his money back. Upon this record we cannot say that the District Judge erred in taking that view.

The order appealed from is affirmed.

[1] The allegation is that "Grosfield agreed to make an upset bid of $26,000 for the property, and to permit such bid to stand until an order of the court fixing the date of sale could be made." With seeming care, this stops short of stating the essential agreement.